# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: ) | |
| ) | Case No. 22-00205-ELG |
| ADAMS 3, LLC ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## MOTION TO COMPEL PAYMENT

YSRTL LLC TES CUSTODIAN ("the Movant"), by and through its undersigned counsel hereby requests the immediate payment of its attorneys' fees statutorily incurred in connection with its tax sale foreclosures, and states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.　　Adams 3, LLC (the "Debtor") is the previous owner of the real property located at 2406-2410 18th Street, NW, Washington, DC 20009 (collectively, the "Property").

2.　　On November 1, 2022, the Debtor filed a petition for Chapter 11 relief in this Honorable Court. See DE #1 in the Main Case.

3.　　Approximately one month later, a Chapter 11 trustee was appointed to take charge of the Debtor's estate. See DE #41 in the Main Case.

4.　　On April 4, 2023, the Trustee filed a motion to approve a sale of the Property to Dashco, Inc. ("Dashco"), a secured creditor of the Debtor, or its assignee.  ("Sale Motion," Docket 85).  The Sale Motion provided that "all accrued real estate taxes will be paid in full from the sale proceeds."  Sale Motion, ¶ 48.a.

---

MCNAMEE HOSEA, P.A.
Justin P. Fasano, Esquire (DCB # MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com

*Counsel to YSRTL LLC TES CUSTODIAN*

5. Dashco subsequently proposed a plan of reorganization (the "Plan"), pursuant to which the Property was to be transferred to Defendant (an entity set up Dashco). DE #117-1 in the Main Case at § 4.1.1. The Plan was not served on Movant.

6. Defendant, as the high bidder, agreed to reimburse the Debtor's estate for any priority tax claims in excess of $400,000.00. Id. at § 4.1.4. Specifically, the Plan provided that

> Should the Priority Tax Claims exceed $400,000.00 as of the Confirmation Date, Dashco shall (i) first, have the right to challenge the imposition, calculation, assessment, levying and/or collection of any such taxes, through the initiation of a claim objection or adversary litigation in the Bankruptcy Court, or through such other judicial or quasi-judicial avenues as Dashco may deem fit in its sole and absolute discretion; 9 and (ii) second, within five days of being first apprised of such additional Priority Tax Claims, but not sooner than the fifth day following final resolution of any dispute thereof if such a dispute is initiated within five days of when Dashco is first apprised of such additional Priority Tax Claims, pay to the Chapter 11 Trustee monies equal to the difference between the whole of the Priority Tax Claims and the sum of $400,000.00. For the avoidance of doubt, Dashco shall have no obligation to pay monies to the Chapter 11 Trustee for any taxes attendant to the Real Estate that may accrue or otherwise become due and owing on any date after the date on which the sale provided for in Section 4.1 hereof is closed upon, with any such taxes thereafter being an obligation extraneous to this proceeding

Plan, § 4.1.4.

6. In acquiring the Property, the Debtor's estate was paid $4,260,000.00, of which $3,700,000.00 was paid through the forgiveness of debt and $560,000.00 was to be paid in cash.

7. On June 6, 2023, this Court entered an order partially approving the Sale Motion, and approving sale of the Property, which stated.

> Dashco agreed that its cash component up to a maximum amount of $400,000.00 would be used to pay accrued real estate taxes, insurance, and any extant liens and utilities applicable to the Properties. Any other necessary costs to close on the sale of the Properties in amounts above $400,000.00 will be the sole responsibility of Dashco. Dashco further agreed that the remaining $160,000.00 of its cash component bid will be carved out from the proceeds of its collateral and be used to pay administrative expenses in the amounts to be agreed to by administrative claim holders.

Docket No. 116, ¶ 5.

9. Dashco's Plan was confirmed on July 6, 2023. See DE #133 in the Main Case, rendering the Sale Motion resolved.

10. Shortly after the Plan's confirmation, the trustee consummated the sale of the Property to Waterloo Rescue, noting $356,542.87 to have been paid in real estate taxes "in connection with the sale." See DE #140 in the Main Case.

11. The amount the Trustee paid for taxes was based on a stale proof of claim. See Proof of Claim 4-2. Accordingly, the Trustee still owed $68,210.16 in D.C. taxes (the "Tax Shortfall").

12. Movant is the holder of tax certificates for two of the three parcels which comprise the Property, acquired from the District of Columbia on or about July 22, 2022. See DE #1-1 in Case No. 23-10030-ELG, at p. 5, ¶ 5; DE #1- 1 in Case No. 23-10033-ELG, at p. 5, ¶ 5. 11.

13. Movant was not allowed to file suit to foreclose its tax certificates because of the automatic stay set forth in Section 362 of Title 11 of the United States. Id. at p. 4, n. 1.

14. Movant contacted the Trustee several times before August 30, 2023, including on August 25, 2023 and August 29, 2023, to try to obtain payment of the Tax Shortfall.

15. On or about August 30, 2023, and the stay had ended, and after Waterloo Rescue acquired the Property from the Debtor's estate, Movant filed two suits, in the District of Columbia Superior Court, to foreclose its tax certificate on the Property. See DE #1-1 in Case No. 23-10030-ELG; DE #1-1 in Case No. 23-10033-ELG. Movant was required by District of Columbia to file this suit within one year of issuance of the tax certificates on July 29, 2022, otherwise, it would have forfeited the funds paid to the District of Columbia for the tax certificates, in the aggregate amount of $427,384.33. See D.C. Code § 47-1355("(a) Except as otherwise provided, a certificate of sale shall be void if: (1) An action to foreclose the right of redemption is not brought within one

year from the date of the certificate of sale; . . .(b) If a certificate shall become void . . . (2) All monies paid for the real property by the purchaser shall be forfeited to the District . . .". That one year deadline was tolled until 30 days after the properties were no longer subject to the automatic stay pursuant to § 108 of the Bankruptcy Code, requiring the suits to be filed by September 1, 2023 (30 days after constructive notice of the sale was provided pursuant to the recorded Bankruptcy Trustee's Deed).

16. On September 7, 2023, the Trustee paid the Tax Shortfall. However, the Trustee did not pay the attorneys' fees incurred by the Movant in filing the tax lien cases. Had the Tax Shortfall been paid prior to August 30, 2023, there would be no further payment required to Movant; the fees first came into existence at the time the suits were filed on August 30, 2023 due to the tax underpayment. See D.C. Code 47-1377(a)(1)(B).

17. Waterloo Rescue has now removed these cases and filed a motion to dismiss and/or for summary judgment. However, Waterloo Rescue refuses to pay the attorneys' fees. Movant has claimed $2,000.00 in attorneys' fees for each case it filed, and is entitled to its ongoing attorneys fees. See D.C. Code 47-1377(a)(1)(B).

18. Attorneys' fees accrued in connection with a tax sale are part of the Movant's tax lien. D.C. Code Ann. § 47-1331. The Trustee is required to pay such fees to redeem the tax lien. *See also* D.C. Mun. Regs. tit. 9, § 316; *see also Aeon Fin., LLC v. D.C.*, 84 A.3d 522, 527 (D.C. 2014) (" property will qualify for redemption only if the delinquent property owner "pay[s] in full ... [a]ll taxes, assessments, fees, costs and expenses levied by a Taxing Agency").

19. The Trustee was required to pay all real estate taxes at the time of closing. He did not. Further, he did not pay such taxes prior to Movant being required to file the tax sale foreclosures. The Trustee should be required to pay all of the costs of the tax sale, as part of his

4

obligation to pay secured tax claims in connection with the sale of the Property.

WHEREFORE, Movant respectfully requests immediate payment of the $4,000 in attorneys' fees it accrued in filing the two tax sale foreclosure cases, and such additional attorneys' fees as it has incurred and shall occur, to be filed in a supplemental affidavit, and grant such other relief as it deems appropriate and proper.

Dated:  November 16, 2023         Respectfully submitted,

/s/ *Justin P. Fasano*
McNamee, Hosea, , P.A.
Justin P. Fasano, Esquire (MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com
*Counsel for YSRTL LLC TES CUSTODIAN*

## CERTIFICATE OF SERVICE

I hereby certify that on this November 16, 2023, a copy of the foregoing was served by CM/ECF to all parties receiving notice thereby.

/s/ *Justin P. Fasano*
Justin P. Fasano