Bradley D. Jones, (Bankr. D.D.C. No. VA 68)
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Counsel for*
*Bradley D. Jones, Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 22-00205-ELG |
| ADAMS 3, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**TRUSTEE'S OPPOSITION TO MOTION TO COMPEL PAYMENT**

Bradley D. Jones, the chapter 11 trustee (the "Trustee") of the bankruptcy estate ("Bankruptcy Estate") of Adams 3, LLC (the "Debtor"), by and through counsel hereby opposes the motion ("Motion") of YSRTL LLC TES Custodian ("YSRTL") for an order compelling payment.

YSRTL asks this Court to order the Bankruptcy Estate to pay $4,000.00 in legal fees related to the filing of two lawsuits by YSRTL against Waterloo Rescue, LLC. The Debtor and the Bankruptcy Estate were not parties to the lawsuits. The lawsuits were filed on August 30, 2023, which is well after the sale of the Debtor's real estate closed on and the real estate issue transferred to Waterloo Rescue, LLC on August 2, 2023. *See* [Dkt. No. 140-1]. As a result, the Property at issue was not owned by the Bankruptcy Estate when the alleged legal fees were incurred. YSRTL's Motion should be denied. In support, the Trustee states as follows:

1

**Factual Background**

1. This case was commenced on November 1, 2022 by the filing of a voluntary chapter 11 petition and commencing this chapter 11 bankruptcy case ("Bankruptcy Case") [Dkt. No. 1].

2. The Debtor, Adams 3, LLC ("Debtor") is a single-asset real estate entity as defined by 11 U.S.C. § 101(51B). [Dkt. No. 25].

3. On December 19, 2022, the United States Trustee appointed Bradley D. Jones (the "Trustee") as chapter 11 trustee. [ECF Dkt. No. 42]. The Court entered an order approving such appointment on December 20, 2022 [ECF Dkt. No. 45].

4. The Debtor is the fee simple owner of the real properties located in the Adams Morgan section of the District of Columbia identified in Exhibit A, commonly referred to as 2406 18th Street, NW, Washington, D.C. 20009; 2408 18th Street, NW, Washington, D.C. 20009; and 2410 18th Street, NW, Washington, D.C. 20009, and hereinafter collectively referred to as the "Real Property."

5. A variety of claims were filed against the Bankruptcy Estate. One of these claims, Claim 2-1, was a proof of claim signed by an attorney Seth Slomovitz of the Law Office of Eric Howell Sayles, PLLC on behalf of a from a purported D.C. real property tax lien certificate of sale. [Claim 2-1]. The proof of claim was filed on behalf of ATCF II DC, LLC. No other tax lien certificate holders asserted claims against the Bankruptcy Estate.

6. The Trustee hired a real estate agent and aggressively marketed the Real Property for sale. A sale offer was obtained and on April 4, 2023, the Trustee filed a motion to sell the Real Property free and clear of all liens, claims, and encumbrances (the "Sale Motion"). [Dkt. No. 85].

7. The Sale Motion noted that a title search had identified a Notice of Lis Pendens had been recorded related to a purported tax lien complaint. [Dkt. No. 85 at 13]. This lis pendens related to the tax certificate claim of ATCF II DC, LLC. The Sale Motion explained the proposed sale would be free and clear of the Lis Pendens related to the tax lien complaint because "no final order has been entered in the litigation referenced in the Lis Pendens, that litigation was stayed, and the Lis Pendens is in bona fide dispute." [Dkt. No. 85 at 16, ¶e].

8. An in-court auction was held on May 10, 2023, which was won by Dashco with a winning bid of $4,260,000.00.

9. On June 6, 2023, this Court entered an order approving the results of the auction and the sale of the Real Property free and clear of liens, claims, and interests. [Dkt. No. 116]. The sale was to close pursuant to the terms of a chapter 11 plan.

9. A Disclosure Statement (the "Disclosure Statement") and Chapter 11 Plan of Reorganization of Adams 3, LLC (the "Plan") was proposed by Dashco on June 9, 2023. [Dkt. Nos. 117; 117-1].

10. A copy of the Disclosure Statement and Plan was served on all creditors and parties-in-interest. [Dkt. No. 125].

11. The Plan was confirmed by this Court in a July 6, 2023 Order Approving Disclosure Statement and Confirming Chapter 11 Plan of Reorganization of Adams 3, LLC Proposed by Dashco, Inc. [Dkt. No. 133] (the "Confirmation Order").

12. The Plan imposed a number of requirements dictating how funds held by the Trustee were to be distributed to creditors and parties-in-interest.

13. Article II of the Plan set forth the classes of claims that would receive distributions under the Plan, which were limited to: (i) holders of administrative expense claims; (ii) U.S. Trustee Fees; and (iii) tax claims.

14. Under the Plan, the Trustee would receive $560,000.00 from Dashco. [Dkt. No. 117-1, ¶4.1.3]. Up to $400,000.00 of those funds would be used to pay tax claims with the remaining funds used to pay administrative claims. [Dkt. No. 117-1, ¶2.1].

15. The payments provided under the Plan to claim holders constituted "a full satisfaction, discharge, and release of those claims." [Dkt. No. 117-1, ¶2.4].

16. The Plan also imposed exculpation in a paragraph, providing that:

> All Persons are permanently enjoined from commencing, or continuing in any manner, any action or proceeding against any of the Plan Participants, whether directly, derivatively, on account of or respecting any Claim, debt, right, or cause of action based in whole or in part upon any Exculpated Conduct. [Dkt. No. 117-1, ¶8.1].

17. In addition, the Plan provided that no person would have recourse against any person other than the right to receive the distributions provided for under the plan:

> No Person entitled to receive a payment or Distribution under the Plan will have any recourse against the Estate, the Trustee and his professionals, the Debtor, or the Plan Proponent and its professionals, other than the right to receive Distributions in accordance with the terms of the Plan. [Dkt. No. 117-1, ¶9.11].

18. The Plan provided an administrative claims bar date, which was defined as the "first business day next exceeding the thirtieth calendar day following the Confirmation Date." [Dkt. No. 117-1, ¶1.2(b)].

19. The Plan was confirmed by an order entered by this Court on July 6, 2023 (the "Confirmation Order"). [Dkt. No. 133].

20. Approximately two weeks after the entry of the Confirmation Order, on July 19, 2023, the District of Columbia Office of Tax and Revenue amended its proof of claim to set forth

the secured tax claim asserted by the D.C. Government (the "Secured Tax Claim") with respect to the Real Property. [Claim 4-2].

21.     The Secured Tax Claim was signed by Eugenia Williams, a Revenue Officer for the D.C. Government Office of Tax and Revenue, under penalty of perjury. [Claim 4-2 at 3].

22.     The filing of the Secured Tax Claim constituted *prima facie* evidence of the *amount* and validity of the D.C. Government's secured claim for real property taxes. *See* Fed. R. Bankr. P. 7001(f) (emphasis added).

23.     On July 25, 2023—six days after the D.C. Office of Tax and Revenue filed its Secured Claim—the sale of the Real Property closed pursuant to the terms of the Plan. *See* [Dkt. No. 117-1, ¶4.1.1] (requiring the sale to close within three days after the Effective Date of the Plan). Dashco took title to the Real Property through its assignee, Waterloo Rescue, LLC. [Dkt. No. 140-1].

24.     At closing, the Trustee paid the $356,542.87 owed for D.C. real estate taxes.

25.     At the time, the Trustee sent the payment, the Trustee notified Eugenia Williams, the Revenue Officer who filed the claim, that a payment in the amount of $356,542.87 was being made on account of the D.C. Government's Secured Tax Claim. A copy of this communication with enclosures is attached as **Exhibit A**.

26.     The payment by the Trustee to the D.C. Government Office of Tax and Revenue was a "payment" or "distribution" afforded to a holder of an allowed claim and, pursuant to the Plan, constituted the "a full satisfaction, discharge, and release of [that] claims." [Dkt. No. 117-1, ¶2.4].

27.     The check provided to the D.C. Government unambiguously provided that it constituted "payment in full" of the D.C. Government's claim for real property taxes in the memo line of the check. *See* Exhibit A at 2.

28.     On July 31, 2023, the D.C. Government responded to acknowledge receipt of the payment made by the Bankruptcy Estate. A copy of this communication is attached as **Exhibit B**.

29.     On August 2, 2023, the sale of the Real Property closed with the recording of a Trustee's Deed by Waterloo Rescue, LLC. As of the recording of the Deed, the Bankruptcy Estate ceased to own the Real Property.

30.     The D.C. Government did not assert, and has never asserted, that it was owed any additional amounts for secured real estate taxes owed by the Bankruptcy Estate.

31.     On August 9, 2023, the Trustee filed his Report of Sale, which contained a copy of the recorded Trustee's Deed transferring the Real Property to Waterloo Rescue, LLC. [Dkt. No. 140-1].

32.     The administrative claims bar date expired on August 7, 2023. No administrative claim was filed by YSRTL.

33.     On August 29, 2023, the Trustee filed a Notice of Intent to Distribute. [Dkt. No. 149]. The Notice of Intent to Distribute disclosed that the Trustee intended to distribute a total of $250,000.00 and provided notice and an opportunity for all parties-in-interest to object to the Trustee's proposed distribution.

34.     No party objected to the proposed distribution and the Trustee completed this distribution on September 6, 2023.

35. Currently, the Trustee's only remaining funds are due from a payment from D.C. HAP on August 2, 2023 in the amount of $29,628.00, a portion of which was disbursed as part of the September 6, 2023 distribution.

36. YSRTL claims it is owed $4,000.00 in attorney's fees for the filing of two complaints to foreclose a right of redemption to force the payment of D.C. real estate taxes (the "Complaints").

37. The Complaints were asserted by YSRTL against a variety of parties including Waterloo Rescue, LLC. *See* [Adv. Proc. 23-10030, Dkt. No. 1-1; Adv. Proc. 23-10033, Dkt. No. 1-1].

38. At the time the Complaints were filed on August 30, 2023, the Real Property was owned by Waterloo Rescue, LLC and the Debtor had no interest in the Real Estate.

39. The Bankruptcy Estate was not a party to these adversary proceedings and YSRTL has not asserted any claim against the Bankruptcy Estate.

40. YSRTL alleges that it contacted the Trustee on August 25, 2023 and August 29, 2023 but the Bankruptcy Estate did not own the Real Property after it was transferred on August 2, 2023 and YSRTL was not entitled to any distribution under the Plan.[1]

41. Pursuant to the complaints filed by YSRTL, YSRTL was aware of the filing of the Debtor's bankruptcy petition. Adv. Proc. 23-10030, Dkt. No. 1-1 at ¶3; Adv. Proc. 23-10033, Dkt. No. 1-1 at ¶3].

---

[1] YSRTL also alleges a payment was made on September 7, 2023. The Trustee did not make this payment and does not have knowledge of this transaction.

42. In addition, the adversary complaints for YSRTL were filed by attorney, Seth Slomovitz of the Law Office of Eric Howell Sayles, PLLC, which was the same attorney that filed the proof of claim and Notice of Lis Pendens on behalf of ATCF II DC, LLC.

43. As a result, YSRTL, had actual notice of the pendency of the Debtor's bankruptcy case but chose to not file a proof of claim.

44. A title search conducted by the Trustee did not identify a recorded interest in the Real Property held by YSRTL. A true copy of the title search received by the Trustee is attached as **Exhibit C**.

45. As a result, any interest YSRTL may have had in the Real Property as of the Petition Date was avoidable by the Trustee pursuant to 11 U.S.C. § 544(a)(3), since the Trustee has the status of a hypothetical, bona fide purchaser for value and may avoid obligations of the debtor that are voidable by such a purchaser.

**Argument**

The Motion to Compel Payment should be denied. YSRTL has no claims against the Bankruptcy Estate and did not file a proof of claim despite having knowledge of the bankruptcy case. The source of YSRTL's claim is attorney's fees related to two lawsuits filed on August 30, 2023 against Waterloo Rescue, LLC. The Bankruptcy Estate is not liable for these attorney's fees because the Bankruptcy Estate did not own the Real Property at the time the lawsuits were filed. The lack of any claim against the Debtor or the Bankruptcy Estate is confirmed by the face of the lawsuits, which assert a claim against Waterloo Rescue, LLC but do not assert any claim against the Debtor.

Moreover, the Bankruptcy Estate properly and fully paid any real estate taxes that were owed to the D.C. Government. The Trustee paid the taxes that were owed in accordance with the

proof of claim filed for the Secured Tax Claims after first contacting the D.C. Government and informing them of the payment that was to be made.

YSRTL claims that "[t]he amount the Trustee paid for taxes was based on a stale proof of claim." It is unclear YSRTL means by referring to the proof of claim as "stale." The Office of Tax and Revenue filed its amended proof of claim immediately following confirmation of the Plan, indicating that the Secured Claim was intended to set the amount the D.C. Government calculated was owed for real estate taxes. The Trustee paid the Secured Claim evidenced by the Office of Tax and Revenue's Secured Claim only eight days after the amended proof of claim was filed.

The Trustee was entitled to rely on the proof of claim filed by the D.C. Government to determine the amount of the secured tax liability. Under the Bankruptcy Rules, a proof of claim constitutes *prima facie* evidence of the amount of the Secured Tax Claim. Fed. R. Bankr. P. 3001(f). Moreover, the Trustee contacted the Office of Tax and Revenue when the payment was made and the payment made by the Trustee made clear the Secured Claim was being paid in full. The D.C. Government accepted the payment and never indicated full payment was not made. This distribution in the full amount asserted by the Government in the claims process fully discharged any obligation owed by the Bankruptcy Estate on account of the Secured Claim according to the terms of the confirmed Plan. *See* [Dkt. No. 117-1, ¶2.4].

Plus, YSRTL has no lien rights to assert. When a bankruptcy case is filed the Trustee, as of the petition date, has the status of a bona fide purchaser for value under 11 U.S.C. § 544(b)(3). Any security interest of YSRTL may have had was avoidable by the Trustee or was in *bona fide* dispute. This was clear for the reasons explained in the Sale Motion with respect to ATCF II DC, LLC's similarly situated claim.

**Conclusion**

WHEREFORE, Bradley D. Jones, Trustee, respectfully requests that this Court enter an Order denying the Motion of YSRTL to compel payment.

Dated: December 6, 2023

Respectfully submitted,

/s/ Bradley D. Jones
Bradley D. Jones, (Bankr. D.D.C. No. VA 68)
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Counsel for*
*Bradley D. Jones, Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing on December 6, 2023, electronically via the Court's ECF system.

/s/ Bradley D. Jones
Bradley D. Jones