Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Counsel for*
*Bradley D. Jones, Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 22-00205-ELG |
| ADAMS 3, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**FIRST AND FINAL APPLICATION FOR APPROVAL OF
COMPENSATION OF STINSON LLP AS CHAPTER 11 TRUSTEE'S COUNSEL FOR
THE PERIOD FROM OCTOBER 19, 2023 THROUGH MAY 28, 2025**

Stinson LLP ("Stinson" or "Attorneys"), counsel for Bradley D. Jones (the "Trustee"), the Chapter 11 Trustee for the bankruptcy estate of Adams 3, LLC (the "Debtor"), hereby applies for the allowance and payment of fees and expenses incurred for the period from October 19, 2023 through May 28, 2025 (the "Application Period"), and in support thereof, respectfully states as follows:

**I.    BACKGROUND**

The Debtor filed its voluntary Chapter 11 petition on November 1, 2022 (the "Petition Date"). The Debtor is a single-asset real estate entity as defined by 11 U.S.C. § 101(51B) and the fee simple owner of the real properties located in the Adams Morgan section of the District of Columbia, commonly referred to as 2406 18th Street, NW, Washington, D.C. 20009; 2408 18th

Street, NW, Washington, D.C. 20009; and 2410 18th Street, NW, Washington, D.C. 20009 (collectively, the "Properties"). The Properties were encumbered by a first lien deed of trust and an assignment of rents in favor of Dashco, Inc. ("Dashco").

On December 19, 2022, the United States Trustee appointed the Trustee as chapter 11 trustee [ECF Dkt. No. 42]. On December 20, 2022, this Court entered an order approving appointment of Bradley D. Jones as Chapter 11 trustee of the Debtor's estate [ECF Dkt. No. 45]. The Trustee hired a real estate agent and aggressively marketed the Properties for sale. A sale offer was obtained, and on April 4, 2023, the Trustee filed a motion to sell the Properties free and clear of all liens, claims, and encumbrances (the "Sale Motion") [ECF Dkt. No. 85]. An in-court auction was held on May 10, 2023, which was won by Dascho with a winning bid of $4,260,000.00. On June 6, 2023, this Court entered an order approving the results of the auction and the sale of the Properties free and clear of liens, claims and interests [ECF Dkt. No. 116]. The sale was to close pursuant to the terms of a chapter 11 plan.  A Disclosure Statement ("Disclosure Statement") and Chapter 11 Plan of Reorganization of Adams 3, LLC (the "Plan") was proposed by Dashco on June 9, 2023 [ECF Dkt. Nos. 117; 117-1]. The Plan was confirmed by this Court in a July 6, 2023 Order Approving Disclosure Statement and Confirming Chapter 11 Plan of Reorganization of Adams 3, LLC Proposed by Dashco, Inc. [ECF Dkt. No. 133] (the "Confirmation Order"). On July 25, 2023, the sale of the Properties closed pursuant to the terms of the Plan. Dashco took title to the Properties through its assignee, Waterloo Rescue, LLC ("Waterloo Rescue") [ECF Dkt. No. 140-1].

The Trustee previously hired Odin Feldman & Pittleman, P.C. as his counsel. On October 3, 2023 the Trustee filed the Notice of Withdrawal and Substitution of Counsel, giving notice that Odin Feldman & Pittleman, P.C. withdraws from this case as counsel for the Trustee. Stinson was

then substituted for Odin Feldman & Pittleman, P.C. as the counsel for the Trustee [ECF Dkt. No. 150]. The Trustee filed the *Application to Retain Stinson LLP as Counsel for Chapter 11 Trustee Pursuant to 11 U.S.C. § 327 and Notice of Opportunity to Object* [ECF Dkt. No. 151] (the "Retention Application") on October 3, 2023.

On October 20, 2023, the Court entered an order granting the Retention Application [ECF Dkt. No. 154] (the "Retention Order"). The Retention Order states that the compensation of the Attorneys shall be subject to further order of this Court, after notice and an opportunity for a hearing. In this application, Attorneys apply for the allowance and payment of its final fees and expenses incurred for the period from October 19, 2023 through May 28, 2025. Services provided by the Attorneys were instrumental and beneficial to the estate.

## II.     SERVICES RENDERED

Attorneys have represented the Trustee with respect to all aspects of this case. During the period covered by this application, Attorneys assisted the Chapter 11 Trustee with monitoring the Debtor's operational status and progress under the plan, including analysis of the District of Columbia Housing Assistance Payment (HAP) Program receivables and collections issues. Attorneys also provided information necessary to support the HAP claim to the property buyer. Additionally, Attorneys prepared and filed post-confirmation reports on behalf of the Trustee. Attorneys further defended the Trustee in two adversary proceedings and related contested matters involving disputes with the purchaser of certain tax sale certificates, the District of Columbia, and Waterloo Rescue. These services included drafting a response to a motion to compel payment, filing a motion to dismiss, engaging in negotiations, notifying the District of Columbia of violations of the automatic stay, requesting cancellation of the tax certificates, and, following the cancellation, drafting and filing a suggestion of mootness.

Attorneys rendered the necessary services required of counsel to a Chapter 11 Trustee engaged in the oversight of a business such as the Debtor. These services are broken down into several categories as follows:

### A. General/Case Administration ("CA")

In the course of the representation, Attorneys assisted the Chapter 11 Trustee with a variety of general case administration matters essential to the orderly progression of the case. These services included preparing and filing post-confirmation reports and advising the Trustee on compliance with ongoing reporting obligations. Attorneys also analyzed the Debtor's Housing Assistance Payment (HAP) receivables to assess the status of outstanding claims and payment flows, and coordinated with the buyer's counsel to provide detailed information necessary to support the buyer's understanding and monetization of the HAP receivables. These efforts were critical to advancing the administration of the estate and ensuring transparency and cooperation in post-confirmation matters.

### B. Litigation and Other Contested Matters ("LIT")

Attorneys assisted the Chapter 11 Trustee in defending the bankruptcy estate against a motion filed by YSRTL LLC TES Custodian ("YSRTL") seeking to compel payment related to YSRTL's alleged purchase of certain tax sale certificates issued by the Government of the District of Columbia, Office of Tax and Revenue ("OTR"), concerning the Debtor's Properties. YSRTL had initiated two lawsuits in D.C. Superior Court, which were subsequently removed to this Court by Defendant Waterloo Rescue. In this case, YSRTL also filed a motion to compel the estate to pay $4,000 in legal fees associated with those lawsuits [ECF Dkt. No. 157]. Attorneys filed an opposition to the motion [ECF Dkt. No. 158], reviewed exhibits submitted by YSRTL, and attended the hearing on the motion. In connection with these matters, Attorneys conducted legal research concerning D.C. statutes and case law addressing whether a bona fide purchaser for value

takes free of the interests of a tax sale certificate holder. Attorneys also communicated with the attorneys for the District of Columbia, YSRTL, and Waterloo Rescue, and prepared a motion to dismiss the adversary proceedings. Additionally, Attorneys drafted and sent a letter to the District of Columbia notifying it of violations of the automatic stay and plan injunction, and formally requested the cancellation of the tax sale certificates. Following the District's issuance of Notices of Tax Sale Cancellation for all certificates at issue, Attorneys prepared and filed a Suggestion of Mootness on behalf of the Trustee [ECF Dkt. No. 166].

### C. Employment and Fee Applications ("EMP/F")

During the Application Period, Stinson prepared a motion for its employment in the case as the Trustee's counsel [ECF Dkt. No. 151]. The Court entered an order granting this employment motion on October 20, 2023 [ECF Dkt. No. 154].

Regarding applications for compensation, Stinson prepared this application for compensation for its services to the Trustee.

### III. PRIOR APPLICATIONS FOR COMPENSATION

This is the first and final application for compensation for Stinson.

### IV. INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, Stinson discloses that they have not received a retainer. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. No compensation received has been shared. There is no understanding between Stinson and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

V.  **VALUE OF SERVICES**

A.  **Computation of Value**

The services rendered were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of assisting the Trustee in administering the estate. The expenses incurred in Stinson's representation of the Trustee were reasonable and necessary.

The fees charged and expenses advanced by Stinson during this application period, first using the "lodestar" method of fee computation followed by a further voluntary reduction, are:

| Fees | Expenses |
|---|---|
| **$21,289.00 (voluntarily reduced from $22,951.50)** | **$0.00** |

A summary of all services rendered by the professionals in this matter is attached hereto as **Exhibit A.** Copies of the records of the time entries made by all of the professionals rendering service to the Trustee are attached hereto as **Exhibit B**. Attorney time marked as "NB" has not been billed or included in Attorneys' requested compensation. Attorneys have voluntarily reduced their fees for the application period by $1,662.50, for total compensation sought in this final application for Attorneys totaling $21,289.00.

B.  **Identification of Professionals Rendering Service**

Services were rendered by Bradley Jones (at $410.00/hour), Joshua Cox (at $450.00/hour for work performed prior to December 1, 2023 and at $485.00/hour for work performed on or after December 1, 2023), and Ruiqiao Wen (at $415.00/hour for work performed prior to December 1, 2024 and at $475.00/hour for work performed on or after December 1, 2024). Stinson LLP routinely increases the hourly rates of its attorneys on December 1 of each year, which accounts for the increased hourly rates of Mr. Cox and Ms. Wen.

## C. Billing Discretion

It has been the normal practice of Stinson in the representation of the Trustee, as in all cases, to bill certain types of matters with discretion. Certain services do not justify billing at all, and some only at an amount reduced from the actual time spent. Although the billing records will not reflect the amounts reduced or not billed by this Application, Stinson is attempting to provide the Court with a narrative description of such items.

For example, it is rare for Stinson to bill the Trustee for any time spent reading incoming correspondence. The time spent reviewing incoming material that does appear in the billing detail relates only to extraordinary pleadings, correspondence or other documents requiring immediate reply or other action.

## VI. EVALUATION STANDARDS

Standard for evaluation of approval of services to a chapter 11 trustee is based upon the factors established in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and adopted in this Circuit in *In re AOV Industries, Inc.*, 797 F.2d 1004 (D.C. Cir. 1986), and based upon the "Guidelines," as discussed in detail herein below:

**A. Skill Required to Perform the Services Properly:** Stinson submits that the skill and competency level required of the Chapter 11 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys.

**B. Preclusion of Other Employment:** Stinson was not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

**C. Novelty and Difficulty of Questions:** The work performed by Stinson did not involve any truly novel or difficult questions which would warrant any variation from the "lodestar" amount.

**D.    Time and Labor Required:** The time and labor required of Stinson in connection with its representation of the Trustee is set forth in the time records attached hereto as Exhibit B. The amount of compensation sought through this Application is the "lodestar" amount, derived from the hours actually billed on this matter, as reflected in Exhibit A.

**E.    The Customary Fee:** The hourly rates charged by Attorneys for the services specified in Exhibit B are the customary rates charged by those individuals, and are "market rates" for attorneys of comparable experience and expertise. No variance from practice of billing time at an hourly rate -- *i.e.*, through "value billing," was ever undertaken or permitted by Attorneys. Stinson's practice of updating its rates for the year on December 1 is consistent with the market and Stinson's historical practice.

**F.    Fixed or Contingent:** The fees charged by Stinson were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

**G.    Experience, Reputation and Ability of the Attorneys:** Stinson has extensive experience dealing with bankruptcy and bankruptcy litigation matters before this Court (and others). Applicant submits that Stinson is generally well-regarded among its peers, and enjoys a favorable reputation.

**H.    Awards in Similar Cases:** The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases under chapter 11 and 7 bearing similarity to this case.

**I.    Time Limitations:** Stinson was not burdened by any time limitations warranting any variation from the "lodestar" amount.

**J.** **Results Obtained:** Stinson submits that its rendition of services to the Trustee precipitated good and economic results for the estate and its creditors. Stinson seeks no increment above the "lodestar" amount of their fees on account of the results achieved during the period covered by this Application.

**K.** **Ability to Pay**: The estate lacks sufficient funds to pay all allowed administrative claims. Stinson's allowed claim will be paid pro rata with other allowed administrative claims.

## VII. FURTHER APPLICATION

This is a first and final fee application of Stinson as counsel to the Chapter 11 Trustee.

## VIII. REIMBURSEMENT OF EXPENSES

Expense reimbursement is sought herein in the amount of $0.00.

**WHEREFORE**, for all of the foregoing reasons, the Trustee requests that this Court enter an order:

a. approving the compensation as sought herein; and

b. granting such other and further relief as this Court may deem just, equitable and proper.

Dated: June 3, 2025                    Respectfully submitted,

*/s/ Bradley D. Jones*
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006

*Counsel for*
*Bradley D. Jones, Trustee*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid upon the following:

Jeffery T. Martin
Martin Law Group, P.C.
8065 Leesburg Pike
Ste 750
Vienna, VA 22182

Adams 3, LLC
1390 Chain Bridge Road
Mc Lean, VA 22101

Emil Hirsch
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson Street, NW
Ste 400 West
Washington, DC 20007

Maurice Belmont VerStandig
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, MD 20854

Richard B. Rosenblatt
Law Office of Richard B. Rosenblatt
Law Offices of Richard B. Rosenblatt, PC
30 Courthouse Square
Ste 302
Rockville, MD 20850

Sara Kathryn Jackson
DOJ-Ust
1725 Duke Street
Alexandria, VA 22314

Justin Philip Fasano
McNamee Hosea, P.A.
6404 Ivy Lane
Ste 820
Greenbelt, MD 22070

Dated: June 3, 2025

/s/ Bradley D. Jones
Bradley D. Jones