Bradley D. Jones, (Bankr. D.D.C. No. VA 68)
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Counsel for*
*Bradley D. Jones, Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| ADAMS 3, LLC, | ) Case No. 22-00205-ELG |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**TRUSTEE'S FINAL REPORT
AND MOTION FOR FINAL DECREE**

Bradley D. Jones, the chapter 11 trustee (the "Trustee") of the bankruptcy estate ("Bankruptcy Estate") of Adams 3, LLC (the "Debtor"), by and through counsel submits this Final Report and Motion for Final Decree. Contemporaneously with this report, the Trustee is also submitting a Final Account, which should be considered in evaluating the Trustee's Motion for Final Decree.

There has been substantial consummation of the Plan confirmed in this case. The Trustee has transferred the property proposed by the Plan to be transferred and is prepared to distribute the remaining assets in the manner set forth in this Motion. The Trustee's compliance with the applicable requirements of 11 U.S.C. § 1101(2) are summarized below.

1

**Factual Background**

1. This case was commenced on November 1, 2022 by the filing of a voluntary chapter 11 petition and commencing this chapter 11 bankruptcy case ("Bankruptcy Case") [Dkt. No. 1].

2. The Debtor, Adams 3, LLC ("Debtor") was a single-asset real estate entity as defined by 11 U.S.C. § 101(51B). [Dkt. No. 25].

3. On December 19, 2022, the United States Trustee appointed Bradley D. Jones (the "Trustee") as chapter 11 trustee. [ECF Dkt. No. 42]. The Court entered an order approving such appointment on December 20, 2022 [ECF Dkt. No. 45].

4. The Debtor was the fee simple owner of the real properties located in the Adams Morgan section of the District of Columbia, commonly referred to as 2406 18th Street, NW, Washington, D.C. 20009; 2408 18th Street, NW, Washington, D.C. 20009; and 2410 18th Street, NW, Washington, D.C. 20009, and hereinafter collectively referred to as the "Real Property."

5. The Trustee stabilized the Real Property, restoring utility services that had been cutoff, restarting housing assistance payments, reaching rent settlements with non-paying commercial tenants, and removing non-paying commercial tenants who were failing to operate the premises in accordance with applicable lease obligations.

6. The Trustee hired a real estate agent and aggressively marketed the Real Property for sale. A sale offer was obtained and on April 4, 2023, the Trustee filed a motion to sell the Real Property free and clear of all liens, claims, and encumbrances (the "Sale Motion"). [Dkt. No. 85].

7. An in-court auction was held on May 10, 2023, which was won by Dashco with a winning bid of $4,260,000.00.

9. On June 6, 2023, this Court entered an order approving the results of the auction and the sale of the Real Property free and clear of liens, claims, and interests. [Dkt. No. 116]. The sale was to close pursuant to the terms of a chapter 11 plan.

8. A Disclosure Statement (the "Disclosure Statement") and Chapter 11 Plan of Reorganization of Adams 3, LLC (the "Plan") was proposed by Dashco on June 9, 2023. [Dkt. Nos. 117; 117-1].

9. A copy of the Disclosure Statement and Plan was served on all creditors and parties-in-interest. [Dkt. No. 125].

10. The Plan was confirmed by this Court in a July 6, 2023 Order Approving Disclosure Statement and Confirming Chapter 11 Plan of Reorganization of Adams 3, LLC Proposed by Dashco, Inc. [Dkt. No. 133] (the "Confirmation Order").

11. The Plan imposed a number of requirements dictating how funds held by the Trustee were to be distributed to creditors and parties-in-interest.

12. Article II of the Plan set forth the classes of claims that would receive distributions under the Plan, which were limited to: (i) holders of administrative expense claims; (ii) U.S. Trustee Fees; and (iii) tax claims.

13. Under the Plan, the Trustee would receive $560,000.00 from Dashco. [Dkt. No. 117-1, ¶4.1.3]. Up to $400,000.00 of those funds would be used to pay tax claims with the remaining funds used to pay administrative claims. [Dkt. No. 117-1, ¶2.1].

14. The Plan was confirmed by an order entered by this Court on July 6, 2023 (the "Confirmation Order"). [Dkt. No. 133].

15. On July 25, 2023 the sale of the Real Property closed pursuant to the terms of the Plan. *See* [Dkt. No. 117-1, ¶4.1.1] (requiring the sale to close within three days after the Effective

3

Date of the Plan). Dashco took title to the Real Property through its assignee, Waterloo Rescue, LLC. [Dkt. No. 140-1].

16. On August 2, 2023, the sale of the Real Property closed with the recording of a Trustee's Deed by Waterloo Rescue, LLC. As of the recording of the Deed, the Bankruptcy Estate ceased to own the Real Property.

17. On August 9, 2023, the Trustee filed his Report of Sale, which contained a copy of the recorded Trustee's Deed transferring the Real Property to Waterloo Rescue, LLC. [Dkt. No. 140-1].

18. The administrative claims bar date expired on August 7, 2023.

19. On August 29, 2023, the Trustee filed a Notice of Intent to Distribute. [Dkt. No. 149]. The Notice of Intent to Distribute disclosed that the Trustee intended to distribute a total of $250,000.00 and provided notice and an opportunity for all parties-in-interest to object to the Trustee's proposed distribution.

20. No party objected to the proposed distribution and the Trustee completed this distribution on September 6, 2023.

21. Currently, the Trustee's only remaining funds are due from a payment from D.C. HAP on August 2, 2023, a portion of which was disbursed as part of the September 6, 2023 distribution.

22. Following confirmation, certain adversary proceedings were filed by a tax lien certificate purchaser, YSRTL, against a variety of parties including the Trustee and Waterloo Rescue, LLC. *See* [Adv. Proc. 23-10030, Dkt. No. 1-1; Adv. Proc. 23-10033, Dkt. No. 1-1].

23. The Trustee successfully defended against YSRTL's adversary complaints.

24. The Plan reserved for the Trustee additional payments due from D.C. H.A.P. The Trustee investigated these assets. This included consulting with Noble Realty Management, who have significant experience in working with D.C. H.A.P. and obtaining collection. Through his investigation, the Trustee determined that existing housing code violations that applied to the property at the time the assistance payments would come due prevented the Trustee from collecting housing assistance payments that may be owed. The Trustee considered possible litigation options but concluded that the cost of such actions exceeded the likely recovery.

25. As a result, the Trustee has concluded there are no further assets that are reasonably likely to be collected for the benefit of creditors and the remaining balance of funds should be distributed in accordance with the payments proposed in this Motion.

26. Currently, the Trustee is holding funds in the amount of $20,099.06. To conclude the case, the Trustee proposes paying the $250.00 U.S. Trustee quarterly fee that will be owed on account of disbursing those funds. The Trustee then proposes making a final distribution of the remaining $19,849.06 as follows:

| Claimant | Total Claim | Prior Receipts | Claim Balance | Proposed Payment |
|---|---|---|---|---|
| Andrew Nimmer | $51,000.00 | $31,250.00 | $19,750.00 | $1,238.71 |
| Frank Morris & Morris Margulies, LLC | $18,741.00 | $15,000.00 | $3,741.00 | $234.63 |
| Bradley Jones, Trustee | $153,273.15 | $34,955.25 | $118,317.90 | $7,420.86 |
| Century 21 Commercial New Millennium | $216,988.94 | $97,250.00 | $119,738.94 | $7,509.99 |
| Stinson LLP | $21,289.00 | $0.00 | $21,289.00 | $1,335.24 |
| Odin, Feldman & Pittleman, P.C. | $120,180.52 | $86,544.75 | $33,635.77 | $2,109.62 |
| | | | **Total** | **$19,849.06** |

27. Following the disbursement of funds as provided in Paragraph 26, the Trustee will have no further monies. The Trustee does not anticipate any additional monies will be available to be disbursed to any creditors or parties-in-interest, and such parties should expect no further distributions to be made from the Bankruptcy Estate.

28. In connection with this Motion, the Trustee has prepared a Final Report and Final Accounting, a copy of which is attached as Exhibit 1 to this Motion for Entry of a Final Decree.

29. Following the entry of an Order granting this Motion and approving the distributions set forth above, the Trustee will file a final post-confirmation quarterly report. A copy of the report in the form the Trustee intends to file is attached as Exhibit 2.

**Motion for Final Decree**

As shown by the facts set forth above, there has been substantial consummation of the Plan. The Plan contemplated distribution of remaining funds following the sale of the Real Property. Those payments and the closing of the sale of the Real Property has been accomplished. The Plan preserved certain causes of action by Dashco and the Trustee. Those have been investigated and been determined to not be reasonably likely to be a source of additional value to the estate.

WHEREFORE, the Trustee respectfully moves the Court for an order approving its Final Report and granting his Motion for Final Decree by entering a Final Decree in this case.

Dated: June 4, 2025                                    Respectfully submitted,

*/s/ Bradley D. Jones*
Bradley D. Jones, (Bankr. D.D.C. No. VA 68)
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943

                                            brad.jones@stinson.com
                                            joshua.cox@stinson.com
                                            ruiqiao.wen@stinson.com
                                            *Counsel for*
                                            *Bradley D. Jones, Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I served a copy of the (i) the Trustees Final Report and Motion for Final Decree of Adams 3, LLC; (ii) the Trustee's Final Account; (iii) a proposed final quarterly report; (iv) the Proposed Final Decree; and (v) a Notice of Motion & Hearing electronically via the Court's ECF system on all parties receiving service thereby. A copy was also mailed to all parties on the attached Service List.

                                            */s/ Bradley D. Jones*
                                            Bradley D. Jones

CORE/3529461.0002/199682253.1